UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>$11,800 IN UNITED STATES CURRENCY,<br><br>Defendants. | Case No. 3:14-cv-00172-MMD-WGC<br><br>ORDER |

Before the Court is Plaintiff United States' Motion to Strike Answer of Betty Baker. (Dkt. no. 12.) Claimant Betty Baker ("Claimant") has filed a response (dkt. no. 13) and Plaintiff has filed a reply (dkt. no. 14).

The United States initiated this complaint for civil forfeiture against currency on April 1, 2014. (Dkt. no. 1.) The Complaint alleges that the defendant currency was seized on August 13, 2013, and was subject to administrative summary forfeiture proceedings. Claimant filed a claim in the administrative proceedings, asserting ownership over the defendant currency. In this action, Claimant obtained an extension of time to file a response to the Complaint. (Dkt. no. 10.) Claimant subsequently filed an Answer to the Complaint. (Dkt. no. 11.) The United States moves to strike the Answer for failure to comply with the statutory requirement to file a verified claim to the defendant currency.

The general rules for civil forfeiture proceedings are set forth in 18 U.S.C. § 983. These rules require that the government and potential claimants comply with certain procedures and do so within an established timeline. Once a claim is filed in the

government's nonjudicial foreclosure proceedings, the government must initiate judicial foreclosure proceedings within ninety (90) days or return the seized property pending the filing of a complaint. 18 U.S.C. § 983(a)(3)(A). When the government files a complaint for civil forfeiture, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 U.S.C. § 983(a)(4)(A).

Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions establishes the procedural requirements for responsive pleadings by a person asserting an interest in the defendant property. First, she must file a claim in the civil judicial proceedings; and second, she must file an answer to the complaint or motion under Rule 12 within 21 days from filing of the claim. Supp. Rule G(5)(a)-(b). The claim must identify the property claimed, the claimant, and the claimant's interest in the defendant property, and it must "be signed by the claimant under penalty of perjury." Supp. Rule G(5)(a)(i)(A)-(C).

Thus, a claimant must file a claim to become a party in order to have standing to challenge a forfeiture of seized property. *United States v. Real Property Seized in Fresno*, 135 F.3d 1312, 1316-17 (9th Cir.1998). The government may, at any time before trial, move to strike a claim or answer for failure to comply with Supplemental Rule G(5). Supp. Rule G(8)(c)(i)(A).

Claimant does not dispute that she has failed to comply with Supplemental Rule G(5)(a)'s requirement that she must first file a claim. She suggests, however, that the claim she filed in the administrative forfeiture proceedings should be sufficient to satisfy the requirement for filing a claim in this judicial forfeiture proceeding. Claimant does not cite to any cases to support this argument. However, as the United States pointed out, this argument has been rejected by courts in other districts. *See United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 166 (1st Cir. 2004) (finding that while the claims in the administrative proceedings and judicial proceedings contain identical

information, "the two documents serve distinct purposes: the administrative claim notifies the agency of the claim while the verified statement notifies the court"); *United States v. $2,857.00*, 754 F.2d 208, 213 (7th Cir. 1985) (rejecting the argument that a claim filed in the administrative proceedings satisfies the requirement for filing a claim in the judicial proceedings because, among other reasons, the filing in the administrative proceedings does not serve the important purpose of notifying the court of the claim). The Court agrees with the United States that filing a claim in the administrative proceedings does not satisfy Supplemental Rule G(5)(a)'s requirement that a claim must be filed in the judicial proceedings.

Claimant argues that the Court should set aside this procedural defect and allow her to file an "amended answer and verified claim."[1] (Dkt. no. 13 at 2-3.) District courts have "discretion to overlook the failure to conform to the requirements of forfeiture claim rules." *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1012 (9th Cir. 2013) (quoting *United States v. Real Prop. at 2659 Roundhill Dr., Alamo, Cal.*, 194 F.3d 1020, 1024 (9th Cir.1999)) (internal quotation marks omitted). Factors for the court to consider include "whether the deficiency prejudiced the government" and "whether it was a strategic attempt to gain some advantage." *Id.* Claimant argues that neither factor is present here.

The lack of these factors, however, does not necessarily compel the Court to overlook the defect in this case. Troubling to the Court is Claimant's silence as to her failure to file the claim in this action. Claimant does not maintain that she did not know the responsive pleadings requirements. In fact, Supplemental Rule G(5)(a)'s requirements are also recited in the Summons and Warrant of Arrest in Rem for Property and Notice ("the Summons") issued in this case. (Dkt. no. 5.) The Summons specifically warns "that failure to file a verified claim and answer or motion will result in a judgment of forfeiture by default." (*Id.*) Claimant cannot, without any explanation,

---

[1] As the United States correctly noted, such a filing would not satisfy Supplemental Rule G(5)(a)'s requirements.

3

disregard the clear requirements for filing a claim in this case and then ask for forgiveness after the fact. Ignoring the procedural defect in this case would be unfair to the United States.

It is therefore ordered that the United States' Motion to Strike (dkt. no. 12) is granted. The Clerk is directed to strike Claimant's Answer (dkt. no. 11).

DATED THIS 30th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE