# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:14-cv-00172-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| $11,800 IN UNITED STATES CURRENCY, | |
| Defendants. | |

This action involves a complaint for civil forfeiture against currency. The Court granted the government's motion to strike Claimant Betty Baker's ("Claimant") Answer. (Dkt. no. 15.) Claimant has now moved for reconsideration or to set aside default pursuant to Fed. R. Civ. P. 59(e). (Dkt. no. 21.) The government has opposed (dkt. no. 22) and Claimant has replied (dkt. no. 23).

Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Claimant reiterates its argument that the government would not suffer prejudice. In its reply, Claimant contends that it has offered "newly discovered evidence" in that the

government conducted written discovery during the interim when the government's motion to strike was pending and cannot claim prejudice. (Dkt. no. 23 at 1.) Claimant's argument is the same although repackaged as newly discovered evidence — that the government cannot demonstrate prejudice. However, as the Court found in granting the government's motion, the lack of prejudice is not conclusive. As the Court noted:

> Troubling to the Court is Claimant's silence as to her failure to file the claim in this action. Claimant does not maintain that she did not know the responsive pleadings requirements. In fact, Supplemental Rule G(5)(a)'s requirements are also recited in the Summons and Warrant of Arrest in Rem for Property and Notice ("the Summons") issued in this case. (Dkt. no. 5.) The Summons specifically warns "that failure to file a verified claim and answer or motion will result in a judgment of forfeiture by default." (*Id.*) Claimant cannot, without any explanation, disregard the clear requirements for filing a claim in this case and then ask for forgiveness after the fact. Ignoring the procedural defect in this case would be unfair to the United States.

(Dkt. no. 15 at 3-4.)

The Court is not persuaded to reconsider its earlier decision. It is therefore ordered that Claimant's Motion for Reconsideration and to Set Aside Default (dkt. no. 21) is denied.

DATED THIS 6th day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2